**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DOROTHY JEAN MARTELL,**

      **Plaintiff,**

    **v.**                          **CIVIL ACTION NO. 2:10 CV 44**
                                                 **(BAILEY)**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## ORDER

On September 21, 2010, Magistrate Judge James E. Seibert filed his Report and Recommendation (R&R) (Doc. 16) in the above-styled matter wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Defendant and plaintiff each filed objections on October 5, 2010, and plaintiff filed a response to defendant's objections on October 18, 2010. This matter now appears ripe for review.

Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Seibert in his R&R. The Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the proposed R&R accurately reflects the law applicable to the facts and circumstances before the Court in this action. Upon consideration of the plaintiff's objections, which objects to the R&R's recommendation that her Motion for Summary Judgment be denied with regard to the Administrative Law Judge's (ALJ) consideration of the opinions of Mr. Hood and Dr. Tuwiner, the Court finds, as more particularly set forth in the R&R, that the ALJ appropriately explained the reasoning behind the weight she afforded each of said

opinions, and furthermore, the determination of a claimant's residual functional capacity (RFC) is reserved to the ALJ.  Accordingly, plaintiff's objection (Doc. 18) is overruled.

Upon consideration of the defendant's objections, the Court finds that the defendant has not raised any issues that were not thoroughly and properly considered by the Magistrate Judge in his R&R.  Defendant objects to that portion of the R&R that recommends that this matter be remanded for the ALJ's failure to ask the Vocational Expert (VE) about any possible conflicts between his testimony and the information provided in the *Dictionary of Occupational Titles* (DOT), and cites to an unpublished Fourth Circuit case holding that an ALJ must only address evident discrepancies between a VE's testimony and the DOT, but is not obligated to uncover discrepancies.  *See **Justin v. Massanari***, 2001 WL 1159739 *2, 20 Fed. Appx. 158, 160 (2001).  Upon consideration of everything before it, the Court, agreeing with the Magistrate Judge, finds that there are unresolved potential inconsistencies in the evidence that should have been resolved by the ALJ. Therefore, the Court finds that the ALJ's failure to inquire about conflicts between the VE's testimony and the DOT was error, and the defendant's objection (Doc. 17) is overruled. Accordingly, the Court agrees with the Magistrate Judge that this matter must be remanded.  Therefore, it is

**ORDERED** that Magistrate Judge Seibert's R&R (Doc. 16) be, and the same hereby is, **ADOPTED.**  Accordingly, it is

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 11) shall be, and the same hereby is, **GRANTED IN PART** for a remand for a determination of whether the VE's testimony is consistent with the definitions in the DOT and plaintiff's limitations, and

**DENIED IN PART** because determination of the plaintiff's RFC is reserved for the ALJ. It is further

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 13) be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART** for the aforementioned reasons. It is further

**ORDERED** that this matter is **REVERSED** and **REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further action in accordance with this Order and the R&R. It is further

**ORDERED** that the Clerk of Court shall enter judgment reversing the decision of the defendant and remanding the case to the defendant for further proceedings and shall thereafter **DISMISS** this action from the docket of the Court.

Counsel for the plaintiff is advised that an application for attorney's fees under the Equal Access to Justice Act (EAJA), if one is to be submitted, must be filed within 90 days from the date of the judgment order.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**DATED**: January 7, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE